## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

VALERO MARKETING AND SUPPLY
COMPANY,

      Plaintiff,

v.

UNITED STATES OF AMERICA,

      Defendant.

CIVIL ACTION NO. <u>5:24-cv-00431</u>

## COMPLAINT

Valero Marketing and Supply Company ("VMSC") seeks a refund of federal excise taxes that the United States of America, acting through the Commissioner of the Internal Revenue Service (the "Commissioner"), erroneously assessed and collected from VMSC by failing to act upon VMSC's claims for refund based on (1) the section 6426(e) Alternative Fuel Mixture Credit, and (2) an overpayment of the tax imposed under section 4611.[1]

### I. NATURE OF THE CASE

1.      VMSC sues to recover erroneously assessed and collected federal excise tax, plus statutory interest thereon as provided by law, attributable to the third quarter of calendar year 2014 (*i.e.*, July 1, 2014 through September 30, 2014) (the "Disputed Tax Period").

2.      Much of the erroneous assessment and collection results from the Commissioner's failure to recognize VMSC's entitlement to the Alternative Fuel Mixture Credit – a tax credit available when a taxpayer mixes an "alternative fuel" with a "taxable fuel" (such as gasoline) and then uses the mixture as a fuel or sells it for use as a fuel.  The credit is taken against the

---

[1] Unless otherwise stated, all "section" references herein are to the Internal Revenue Code of 1986 (26 U.S.C.), as amended and in effect during the third quarter of calendar year 2014, which is the period at issue in this case.  We note that section 6426 was amended subsequently, but those amendments are not at issue here.

taxpayer's tax liability under section 4081, which provides for an excise tax on, among other things, the sale or removal from a refinery of gasoline and other taxable fuels.

3.      The Commissioner's failure stems from the government's refusal to recognize as "alternative fuels" several substances that undoubtedly qualify in that regard under the plain statutory language.  The substances in question include fuels derived from biomass, which are fuels created from organic material that would otherwise go to waste such as used cooking oil and animal fat, and propane and propylene, which are liquefied petroleum gases.  Fuels derived from biomass and liquefied petroleum gas are expressly defined in section 6426(d) as "alternative fuels."

4.      This suit has become necessary because the government for years has failed to abide by the unambiguous definitions in the statute and has failed to take any action at all on VMSC's refund claim.  The government has refused to act even as to a type of fuel derived from biomass that, in a similar case involving a different time period, this Court previously ruled qualified for the section 6426(e) Alternative Fuel Mixture Credit.  *See Valero Marketing and Supply Co. vs. United States*, No. 5:19-cv-328, Order at 7 (W.D. Tex. Apr. 21, 2021) (ECF No. 47).

5.      VMSC is entitled to the Alternative Fuel Mixture Credit during the Disputed Tax Period for several separate reasons.

   a.      First, during the Disputed Tax Period, VMSC blended into its gasoline (1) liquefied gas derived from biomass, and (2) liquid fuel derived from biomass.  Although both of those substances clearly are included in the definition of alternative fuel in section 6426(d), the Internal Revenue Service ("IRS") has not allowed VMSC's refund claim based on the Alternative Fuel Mixture Credit in section 6426(e) as it relates to fuels derived from biomass.

   b.      Second, during the Disputed Tax Period, VMSC produced a mixture containing propane, propylene, and ethane – all alternative fuels – and butane, a taxable fuel according to the government.  Even though propane,

propylene, and ethane are included in the statutory definition of alternative fuel in section 6426(d), and even though VMSC produced mixtures containing those substances and taxable fuel, the IRS has not allowed VMSC's refund claim based on the Alternative Fuel Mixture Credit in section 6426(e) as it relates to the propane, propylene, or ethane in such mixtures.

c.     Third, during the Disputed Tax Period, VMSC used propane and propylene in producing other gasoline-based alternative fuel mixtures. Even though propane and propylene are included in the statutory definition of alternative fuel in section 6426(d), and even though VMSC used propane and propylene to produce these gasoline-based alternative fuel mixtures, the IRS has not allowed VMSC's refund claim based on the Alternative Fuel Mixture Credit in section 6426(e) as it relates to the propane and propylene used to produce such mixtures.

d.     Fourth, VMSC makes a protective Alternative Fuel Mixture Credit claim for using butane to create butane-gasoline mixtures.  As discussed below, although VMSC contends that butane is an alternative fuel for purposes of the Alternative Fuel Mixture Credit, the Fifth Circuit has rejected that theory.  VMSC thus includes this aspect of its claim only as a protective measure, should the Supreme Court or the *en banc* Fifth Circuit subsequently rule that butane does in fact qualify as an alternative fuel.

6.     In addition to the Alternative Fuel Mixture Credit claims discussed above, VMSC seeks a refund as to the Disputed Tax Period for a separate and unrelated issue.  Specifically, VMSC overpaid the tax on crude oil and other petroleum products under section 4611, because it paid such tax on substances that are not crude oil or petroleum products.  As with VMSC's Alternative Fuel Mixture Credit refund claim, the IRS has for years failed to take any action on VMSC's section 4611 refund claim.

7.     VMSC now sues to obtain the refunds to which it is entitled under the plain language of the relevant statutes.

## II. PARTIES

8.     Plaintiff is VMSC.  VMSC is a Delaware corporation.  Its headquarters and principal place of business are located at One Valero Way, San Antonio, Texas 78249-1616. VMSC manufactures and sells petroleum products, including alternative fuel mixtures, for use as

fuel.  VMSC's Employer Identification Number is 74-2751732, which is reflected on all returns and claims described below.

9.      Defendant is the United States of America.  Service of process may be made on Defendant by personal service via Process Server, to the following:

>    a.      Merrick Garland
>            Attorney General of the United States
>            Department of Justice
>            950 Pennsylvania Ave., N.W.
>            Washington, D.C. 20530-0001
>
>    b.      Ms. Stephanie Rico, Civil Process Clerk
>            Office of the United States Attorney for the Western
>            District of Texas
>            601 N.W. Loop 410
>            Suite 600
>            San Antonio, TX 78216-5597
>
>    c.      Daniel Werfel
>            Commissioner
>            Internal Revenue Service
>            1111 Constitution Ave., N.W.
>            Washington, D.C. 20224-0001

### III. JURISDICTION AND VENUE

10.      The Court has jurisdiction over this dispute under 28 U.S.C. § 1346(a)(1) because this is an action against the United States for the recovery of overpaid internal revenue taxes.

11.      On October 29, 2014, VMSC timely filed a Quarterly Federal Excise Tax Return ("Form 720") dated October 28, 2014, for the Disputed Tax Period with the IRS at Cincinnati, Ohio, reporting a total section 4081 fuel excise tax for the Disputed Tax Period in the amount of $626,033,435 and a total section 4611 excise tax for the Disputed tax Period in the amount of $7,757,394 ($7,348,335 of which was for imported products).  VMSC timely paid those amounts to the IRS.

12.     On October 26, 2017, VMSC timely filed a Form 720X, *Amended Quarterly Federal Excise Tax Return*, dated October 25, 2017, for the Disputed Tax Period with the IRS in Cincinnati, Ohio claiming a refund of the section 4081 fuel excise tax in the amount of "$1.00 Plus," plus statutory interest.[2]   *See* Section 6511(a) and section 7422(a).   That refund claim is based on a claim of Alternative Fuel Mixture Credits that VMSC had not claimed previously on its original Form 720 for the Disputed Tax Period.   On October 31, 2017, VMSC timely filed a revised Form 720X, *Amended Quarterly Federal Excise Tax Return*, dated October 31, 2017, for the Disputed Tax Period with the IRS in Cincinnati, Ohio claiming a refund of the section 4081 fuel excise tax in the amount of "$2.00 Plus," plus statutory interest.   That refund claim too is based on a claim of Alternative Fuel Mixture Credits (further described below) that VMSC had not claimed previously on its original Form 720 for the Disputed Tax Period.   We refer to that October 31, 2017 Form 720X as the "AFMC Form 720X."   On or about March 20, 2020, VMSC supplemented that refund claim and provided the IRS with more specific amounts at issue.

13.     Also on October 26, 2017, VMSC timely filed a Form 720X, *Amended Quarterly Federal Excise Tax Return*, dated October 26, 2017, for the Disputed Tax Period with the IRS in Cincinnati, Ohio claiming a refund of the section 4611 excise tax in the amount of $1,708,222.54, plus statutory interest.   That refund claim is based on an overpayment of the section 4611 tax (further described below) reported on its original Form 720 for the Disputed

---

[2] When filing a refund claim (*e.g.*, on a Form 720X), there is no requirement that taxpayers set forth the exact amount of an overpayment for which they are claiming a refund, so long as they set forth the legal and factual grounds supporting their position.   An accepted practice is for taxpayers to submit refund claims to the Commissioner in some nominal amount, commonly reflected as "one dollar or any amounts legally allowable" or simply "$1 Plus."   *See* Internal Revenue Service, Service Center Advice Memorandum 199941039 (Aug. 23, 1999); *Valero Marketing and Supply Company v. United States*, 422 F. Supp. 3d 1206, 1216 (W.D. Tex. 2019) ("the IRS has clearly contemplated refund requests claiming "$1.00 Plus" and that such requests "compl[y] with the applicable statutory and regulatory requirements for filing an administrative claim for refund.").

Tax Period, because VMSC reported and paid section 4611 tax on substances to which that tax does not apply, such as tar sands.  We refer to that Form 720X as the "Section 4611 Form 720X."  On or about March 29, 2019, VMSC informed the IRS that it was reducing the amount of that refund claim to $1,069,448.96 (again, plus statutory interest).

14.     As noted above, VMSC timely and fully paid its quarterly section 4081 fuel excise tax and section 4611 tax for the Disputed Tax Period.  *See* 28 U.S.C. § 1346(a)(1); *Flora v. United States*, 362 U.S. 145 (1960).

15.     More than six months have elapsed since VMSC filed the AFMC Form 720X and the Section 4611 Form 720X, and the IRS has neither paid nor denied the requested refunds for the Disputed Tax Period.  *See* Section 6532(a).

16.     Therefore, the Court has jurisdiction because, for the Disputed Tax Period, VMSC (i) made full payment of the taxes assessed; (ii) timely filed its claims for refund on Forms 720X; and (iii) filed this complaint within the proper time period.

17.     Venue is proper in the Western District of Texas under 28 U.S.C. § 1402 because VMSC's principal place of business is located in this judicial district.

## IV. FACTUAL AND STATUTORY BACKGROUND

### A.  VMSC's Alternative Fuel Mixture Credit Refund Claim

<u>The Section 4081 Excise Tax on "Taxable Fuel"</u>

18.     Section 4081(a) imposes a federal excise tax on the removal of a "taxable fuel" from a refinery or terminal; the entry into the United States of a taxable fuel for consumption, use, or warehousing; and certain sales of a taxable fuel.

19.     Under section 4083(a), "taxable fuel" means gasoline (including any gasoline blend or gasoline blend stock), diesel fuel, and kerosene.

20.     The rate of the section 4081 excise tax depends on the type of taxable fuel, and ranges from $0.184 per gallon for gasoline (other than aviation gasoline) to $0.244 per gallon for diesel fuel or kerosene.

21.     Taxpayers who incur federal excise taxes must file a Form 720 on a quarterly basis and pay any excise tax not yet paid or otherwise satisfied.

<u>"Alternative Fuels" and the Alternative Fuel Mixture Credit</u>

22.     To promote energy independence, encourage the use of domestically-sourced and renewable fuels, and help reduce the cost of fuel, Congress has subsidized the production of mixture of "alternative fuels" and taxable fuels such as gasoline.   The Safe, Accountable, Flexible, Efficient Transportation Equity Act:   A Legacy for Users (Pub. L. No. 109-59, § 11113(b)(2) (Aug. 10, 2005, effective Sept. 30, 2006)) enacted section 6426(e), which provides a tax credit for producing a mixture of alternative fuel and a taxable fuel.   That credit is called the Alternative Fuel Mixture Credit and is referred to hereinafter as the "AFMC."

23.     During the Disputed Tax Period, a taxpayer could claim the AFMC on its Form 720 or on a Form 720X.   Section 6426(a) provides that no AFMC is allowable unless the taxpayer is properly registered under section 4101.

24.     Section 6426(e)(1) provides that the AFMC is equal to the product of 50 cents and the number of gallons of alternative fuel used by the taxpayer in producing any "alternative fuel mixture" for sale or use in a trade or business of the taxpayer.

25.     During the Disputed Tax Period, section 6426(e)(2) provided that the term "alternative fuel mixture" means a mixture of "alternative fuel" and taxable fuel that is (A) sold

by the taxpayer producing such mixture to any person for use as fuel, or (B) used as a fuel by the taxpayer producing such mixture.[3]

26.     During the Disputed Tax Period, section 6426(d)(2)(F) and (G) provided that the term "alternative fuel" includes "compressed or liquefied gas derived from biomass (as defined in section 45K(c)(3))" and "liquid fuel derived from biomass (as defined in section 45K(c)(3))." Section 45K(c)(3) provides that "'biomass' means any organic material other than—(A) oil and natural gas (or any product thereof), and (B) coal (including lignite) or any product thereof."

27.     Animal fats, used cooking oil, and inedible corn oil are each "biomass" as that term is used in section 6426 and section 45K(c)(3).

28.     Section 6426(d)(2)(A) provides that the term "alternative fuel" includes "liquefied petroleum gas."

29.     Treasury regulations provide that the term "liquefied petroleum gas" includes, but is not limited to, propane. *See, e.g.*, 26 C.F.R. § 48.4041-8(f)(1)(i) (referring to "[a]ny liquefied petroleum gas (such as propane, butane, pentane, or mixtures of the same").

30.     Propane is a hydrocarbon with the molecular formula $C_3H_8$.

31.     The oil and gas industry considers propane to be liquefied petroleum gas.

32.     In other litigation involving the AFMC, the United States has taken the position that propane is a liquefied petroleum gas within the meaning of section 6426(d)(2)(A).

33.     Propane is a liquefied petroleum gas.

34.     Propylene is a hydrocarbon with the molecular formula $C_3H_6$.

35.     The oil and gas industry considers propylene to be liquefied petroleum gas.

36.     Propylene is a liquefied petroleum gas.

---

[3] Subsequent to the Disputed Tax Period, section 6426(e)(2) was amended such that only certain alternative fuels could be used to create an alternative fuel mixture.

37.     Section 6426(d)(2)(C) provides that the term "alternative fuel" includes "compressed or liquefied natural gas."

38.     Ethane is a hydrocarbon with the molecular formula $C_2H_6$.

39.     The oil and gas industry considers ethane to be either a liquefied petroleum gas, a compressed natural gas, or a liquefied natural gas.

40.     Ethane is a liquefied petroleum gas, a compressed natural gas, or a liquefied natural gas.

41.     Butane is a hydrocarbon with the molecular formula $C_4H_{10}$.

42.     The oil and gas industry considers butane to be a liquefied petroleum gas.

43.     Treasury regulations provide that the term "liquefied petroleum gas" includes butane.  *See, e.g.*, 26 C.F.R. § 48.4041-8(f)(1)(i) (referring to "[a]ny liquefied petroleum gas (such as propane, butane, pentane, or mixtures of the same)").

44.     Butane is a liquefied petroleum gas.

45.     Butane is also a gasoline blend stock.  *See* 26 C.F.R. § 48.4081-1(c)(3)(B).  Thus, butane is also a taxable fuel for purposes of the AFMC.  *See* 26 U.S.C. § 4083(a)(1)(A), (a)(2)(B)(i).

46.     In other litigation involving the AFMC, Defendant has taken the position that butane is a taxable fuel for purposes of the AFMC.  *See, e.g., Vitol, Inc. v. United States*, 30 F.4th 248, 255 (5th Cir. 2022).

VMSC is Entitled to the AFMC for Using Liquefied Gas Derived from Biomass and Liquid Fuel Derived from Biomass in Producing Alternative Fuel Mixtures in the Form of Gasoline Mixtures

47.     A liquefied gas derived from animal fats, used cooking oil, or inedible corn oil is a "liquefied gas derived from biomass" as that term is used in section 6426.

48.    A liquid fuel derived from animal fats, used cooking oil, or inedible corn oil is a "liquid fuel derived from biomass" as that term is used in section 6426.

49.    A liquefied gas derived from biomass is an alternative fuel within the meaning of section 6426.

50.    A liquid fuel derived from biomass is an alternative fuel within the meaning of section 6426.

51.    Gasoline is a taxable fuel within the meaning of section 6426 and section 4083.

52.    During the Disputed Tax Period (and at other times), VMSC purchased liquefied gas and liquid fuel that were derived from animal fats, used cooking oil, and inedible corn oil. The liquefied gas and liquid fuel in question were not derived from oil or natural gas, coal, or any product of the foregoing.

53.    VMSC then blended the purchased liquefied gas and liquid fuel with gasoline to create gasoline mixtures containing at least 0.1% gasoline.

54.    VMSC sold the resulting mixtures during the Disputed Tax Period for use as a fuel.

55.    VMSC was properly registered under section 4101 for the entirety of the Disputed Tax Period.

56.    Accordingly, VMSC is entitled to the AFMC in the Disputed Tax Period in an amount equal to the product of 50 cents and the number of gallons of liquefied gas derived from biomass and liquid fuel derived from biomass that VMSC used in producing the mixtures it sold for use as fuel.

57.    On its originally filed Form 720 for the Disputed Tax Period, VMSC did not claim the AFMC.  As supplemented, VMSC's AFMC Form 720X claimed the AFMC with

respect to the mixtures it produced and sold for use as fuel by combining gasoline with (1) liquefied gas derived from biomass in the amount of $200,752.38, and (2) liquid fuel derived from biomass in the amount of $816,564.01.

58.     In a previously docketed case between the parties covering a different tax period, this Court held that VMSC's production of mixtures of gasoline and liquid fuel derived from biomass qualified for the AFMC and entered judgment on VMSC's behalf on that issue.  *See Valero Marketing and Supply Co. vs. United States*, No. 5:19-cv-328, Order at 7 (W.D. Tex. Apr. 21, 2021) (ECF No. 47); *id.*, ECF No. 48.  The Court should likewise hold in this case that liquefied gas derived from biomass and liquid fuel derived from biomass should be treated the same and that both substances should qualify for the AFMC.[4]

### VMSC Is Entitled to the AFMC for Using Propane, Propylene, and Ethane in Producing Alternative Fuel Mixtures in the Form of Propane Mixtures

59.     During the Disputed Tax Period (and at other times), VMSC produced mixtures containing propane, propylene, ethane, and butane.  These mixtures are referred to herein as "Propane Mixtures."  The Propane Mixtures contained at least 0.1% butane.

60.     As stated above, butane is a taxable fuel for purposes of the AFMC.

61.     VMSC sold for use as fuel the Propane Mixtures it produced during the Disputed Tax Period.  It sold the Propane Mixtures as commercial propane, which is typically used as fuel for a range of equipment such as cooking grills.

---

[4] In the previously docketed case, the Court dismissed VMSC's similar claim as to liquefied gas derived from biomass on the ground that a retroactive change in the statute eliminated that category of substance from qualifying for the AFMC for all refund claims filed on or after January 8, 2018.  *See id.*, ECF No. 38; *see also* Further Consolidated Appropriations Act, 2020, Pub. L. No. 116-94, § 133(b)(2)(B), 133 Stat. 2534, 3233-34 (2019).  In this action, VMSC's AFMC Form 720X was filed before January 8, 2018, so the retroactive statutory change does not apply.

62.     Again, VMSC was properly registered under section 4101 for the entirety of the Disputed Tax Period.

63.     Accordingly, VMSC is entitled to the AFMC in the Disputed Tax Period in an amount equal to the product of 50 cents and the number of gallons of propane, propylene, and ethane it used in producing the Propane Mixtures that it sold for use as fuel.

64.     As noted above, on its originally filed Form 720 for the Disputed Tax Period, VMSC did not claim the AFMC.  As supplemented, VMSC's Form 720X claimed the AFMC with respect to Propane Mixtures in the amount of $ $24,256,837.96 for such mixtures' propane and propylene content and another $258,144.07 for such mixtures' ethane content.

<u>VMSC Is Entitled to the AFMC for Using Propane and Propylene to Produce Alternative Fuel Mixtures in the Form of Gasoline Mixtures</u>

65.     During the Disputed Tax Period (and at other times), VMSC used propane and propylene to produce gasoline mixtures containing alternative fuel.  For example, VMSC used propane as a feedstock in alkylation units in VMSC's refineries, with the output thereof (mainly alkylate) being blended into the gasoline mixtures.

66.     These resulting gasoline mixtures contained at least 0.1% gasoline and alternative fuel (for example, liquid fuel derived from biomass or propane).

67.     As stated above, gasoline is a taxable fuel within the meaning of section 6426 and section 4083.

68.     VMSC sold for use as fuel such gasoline mixtures it produced during the Disputed Tax Period.

69.     Again, VMSC was properly registered under section 4101 for the entirety of the Disputed Tax Period.

70.     Accordingly, VMSC is entitled to the AFMC in the Disputed Tax Period in an amount equal to the product of 50 cents and the number of gallons of propane and propylene it used in producing the gasoline mixtures that it sold for use as fuel.

71.     As noted above, on its originally filed Form 720 for the Disputed Tax Period, VMSC did not claim the AFMC.  As supplemented, VMSC's Form 720X claimed the AFMC with respect to propane and propylene used to produce gasoline mixtures in the amount of $21,140,368.46.

Protective Claim for the AFMC for Using Butane in Producing Alternative Fuel Mixtures[5]

72.     Butane is a "liquefied petroleum gas" as that term is used in section 6426.

73.     Any liquefied petroleum gas is alternative fuel within the meaning of section 6426, regardless of whether it is also a taxable fuel.

74.     As stated above, gasoline is a taxable fuel within the meaning of section 6426 and section 4083.

75.     During the Disputed Tax Period (and at other times), VMSC purchased and produced butane, which it then blended with gasoline to create butane-gasoline mixtures.

76.     VMSC sold the resulting butane-gasoline mixtures for use as fuel during the Disputed Tax Period.

77.     Again, VMSC was properly registered under section 4101 for the entirety of the Disputed Tax Period.

---

[5] VMSC recognizes that current Fifth Circuit law holds that butane does not qualify as an alternative fuel for purposes of the AFMC.  *See Vitol, Inc. v. United States*, 30 F.4th 248 (5th Cir. 2022).  If that remains the law, this portion of VMSC's claim cannot survive.  However, in the event the Supreme Court or the *en banc* Fifth Circuit ever holds otherwise, VMSC includes a protective claim for the AFMC based on mixtures of butane and gasoline.

78.     Accordingly, VMSC is entitled to the AFMC in the Disputed Tax Period in an amount equal to the product of 50 cents and the number of gallons of butane it used in producing the butane-gasoline mixtures that it sold for use as fuel.

79.     As stated above, on its originally filed Form 720 for the Disputed Tax Period, VMSC did not claim the AFMC.  As supplemented, VMSC's Form 720X claimed the AFMC with respect to the butane-gasoline mixtures it produced in the amount of $28,248,381.67.

### B. VMSC's Section 4611 Excise Tax Refund Claim

80.     Section 4611(a) imposes an excise tax on "crude oil received at a United States refinery, and (2) petroleum products entered into the United States for consumption, use, or warehousing."

81.     The section 4611 tax funds the Oil Spill Liability Trust Fund.  The funds therein are available for expenses associated with oil spills.  Section 4611's purpose is to raise funds for the Oil Spill Liability Trust Fund by taxing the substances that present the risk of an oil spill.

82.     Some hydrocarbon substances are not viscous enough to present spill risks.  For example, tar sands are mixtures of sand, clay or the like, water, and bitumen.  Bitumen is an extremely thick hydrocarbon that is resistant to flow.  Tar sands are used to make synthetic petroleum.

83.     As the legislative history makes clear, synthetic petroleum, shale oil, liquids from coal, tar sands, or biomass, and refined oil are not crude oil or petroleum products for purposes of the section 4611(a) tax.  H.R. Rep. No. 96-1016 Part II, at 6 (June 20, 1980).  *See also*, IRS Tech. Adv. Mem. 201120019 (Jan. 12, 2011) ("The House Report clearly indicates Congress's intent to exclude tar sands from the definitions of crude oil and petroleum product for purposes of §§ 4611 and 4612.").

<u>VMSC Is Entitled to a Refund of the Section 4611 Tax It Paid
on Substances to which that Tax Does Not Apply</u>

84.     During the Disputed Tax Period (and at other times), VMSC reported on its original Form 720 and paid section 4611 on various substances to which that tax does not apply, including tar sands and synthetic petroleum.

85.     On its Section 4611 Form 720X, VMSC sought a refund of such overpaid tax, in an amount that VMSC later reduced to $1,069,448.96.

**C. The IRS Failed to Pay VMSC's Refund Claim for the Disputed Tax Period**

86.     As alleged above, VMSC timely filed its AFMC Form 720X and the Section 4611 Form 720X for the Disputed Tax Period.  Although payment thereof has been demanded, no part of the sums requested in the AFMC Form 720X and the Section 4611 Form 720X have been credited, remitted, refunded, or repaid to VMSC or to anyone on VMSC's account.

87.     VMSC has made no transfer or assignment of the claim for relief herein presented or any part thereof and is the sole and absolute owner of the claim.

88.     No action on this claim has been taken by the Congress of the United States or by any of the departments of the United States.

89.     No other suit or process by VMSC is pending on such claim in any other court.

**V. CLAIMS FOR RELIEF**

**COUNT I**

**OVERPAYMENT OF SECTION 4081 FUEL EXCISE TAX – AFMC WITH RESPECT TO LIQUID FUEL DERIVED FROM BIOMASS**

90.     VMSC incorporates by reference the allegations contained in the above paragraphs.

91.     The Commissioner has failed to act for more than six months on VMSC's claim for a refund of the disputed section 4081 fuel excise tax paid for the Disputed Tax Period as a result of VMSC's AFMC claim with respect to liquid fuel derived from biomass.

92.     VMSC is entitled to a refund of such portions of the overpayment of the section 4081 fuel excise tax for the Disputed Tax Period that were erroneously assessed and collected by the Commissioner as a result of this failure in the amount of $816,564.01.

93.     VMSC is the sole owner of this claim and has made no assignment or transfer of any part of this claim.

## COUNT II

## OVERPAYMENT OF SECTION 4081 FUEL EXCISE TAX – AFMC WITH RESPECT TO LIQUEFIED GAS DERIVED FROM BIOMASS

94.     VMSC incorporates by reference the allegations contained in the above paragraphs.

95.     The Commissioner has failed to act for more than six months on VMSC's claim for a refund of the disputed section 4081 fuel excise tax paid for the Disputed Tax Period as a result of VMSC's AFMC claim with respect to liquefied gas derived from biomass.

96.     VMSC is entitled to a refund of such portions of the overpayment of the section 4081 fuel excise tax for the Disputed Tax Period that were erroneously assessed and collected by the Commissioner as a result of this failure in the amount of $200,752.38.

97.     VMSC is the sole owner of this claim and has made no assignment or transfer of any part of this claim.

**COUNT III**

**OVERPAYMENT OF SECTION 4081 FUEL EXCISE TAX – AFMC WITH RESPECT TO PROPANE, PROPYLENE, AND ETHANE USED TO PRODUCE PROPANE MIXTURES**

98.     VMSC incorporates by reference the allegations contained in the above paragraphs.

99.     The Commissioner has failed to act for more than six months on VMSC's claim for a refund of the disputed section 4081 fuel excise tax paid for the Disputed Tax Period as a result of VMSC's AFMC claim with respect to propane, propylene, and ethane used to produce the Propane Mixtures.

100.    VMSC is entitled to a refund of such portions of the overpayment of the section 4081 fuel excise tax for the Disputed Tax Period that were erroneously assessed and collected by the Commissioner because of this failure in the amount of $24,256,837.96 for the propane and propylene content of the Propane Mixtures and another $258,144.07 for the ethane content of the Propane Mixtures.

101.    VMSC is the sole owner of this claim and has made no assignment or transfer of any part of this claim.

**COUNT IV**

**OVERPAYMENT OF SECTION 4081 FUEL EXCISE TAX – AFMC WITH RESPECT TO PROPANE AND PROPYLENE USED TO PRODUCE GASOLINE MIXTURES**

102.    VMSC incorporates by reference the allegations contained in the above paragraphs.

103.    The Commissioner has failed to act for more than six months on VMSC's claim for a refund of the disputed section 4081 fuel excise tax paid for the Disputed Tax Period as a

result of VMSC's AFMC claim with respect to propane and propylene used to produce gasoline mixtures.

104.    VMSC is entitled to a refund of such portions of the overpayment of the section 4081 fuel excise tax for the Disputed Tax Period that were erroneously assessed and collected by the Commissioner because of this failure in the amount of $21,140,368.46.

105.    VMSC is the sole owner of this claim and has made no assignment or transfer of any part of this claim.

## COUNT V

## PROTECTIVE CLAIM:  OVERPAYMENT OF SECTION 4081 FUEL EXCISE TAX – AFMC WITH RESPECT TO BUTANE[6]

106.    VMSC incorporates by reference the allegations contained in the above paragraphs.

107.    The Commissioner has failed to act for more than six months on VMSC's claim for a refund of the disputed section 4081 fuel excise tax paid for the Disputed Tax Period as a result of VMSC's AFMC claim with respect to butane used to produce butane-gasoline mixtures.

108.    VMSC is entitled to a refund of such portions of the overpayment of the section 4081 fuel excise tax for the Disputed Tax Period that were erroneously assessed and collected by the Commissioner because of this failure in the amount of $28,248,381.67.

109.    VMSC is the sole owner of this claim and has made no assignment or transfer of any part of this claim.

---

[6] As noted above, VMSC recognizes that current Fifth Circuit law holds that butane does not qualify as an alternative fuel for purposes of the AFMC.  *See Vitol, Inc. v. United States*, 30 F.4th 248 (5th Cir. 2022).  If that remains the law, this Count V cannot survive.  However, in the event the Supreme Court or the *en banc* Fifth Circuit ever holds otherwise, VMSC includes a protective claim for the AFMC based on mixtures of butane and gasoline.

## COUNT VI

## OVERPAYMENT OF SECTION 4611 EXCISE TAX

110.    VMSC incorporates by reference the allegations contained in the above paragraphs.

111.    The Commissioner has failed to act for more than six months on VMSC's claim for a refund of the disputed section 4611 excise tax paid for the Disputed Tax Period as a result of VMSC's Section 4611 Form 720.

112.    VMSC is entitled to a refund of such portions of the overpayment of the section 4611 excise tax for the Disputed Tax Period that were erroneously assessed and collected by the Commissioner because of this failure in the amount of $1,069,448.96.

113.    VMSC is the sole owner of this claim and has made no assignment or transfer of any part of this claim.

## VI. PRAYER FOR RELIEF

FOR ALL THESE REASONS, VMSC prays that the Court enter judgment against the United States:

a.    Awarding VMSC the overpayments of section 4081 taxes for the third quarter of calendar year 2014 in the amounts set forth in paragraphs 92, 96, 100, 104, and 108 totaling $74,921,048.55, or in such other amount as is legally refundable, plus statutory interest as provided by law;

b.    Awarding VMSC the overpayment of section 4611 taxes for the third quarter of calendar year 2014 in the amount set forth in paragraph 112 totaling $1,069,448.96, or in such other amount as is legally refundable, plus statutory interest as provided by law; and

c.    Awarding VMSC all other relief to which it is entitled.

April 24, 2024                                    Respectfully submitted,

   /s/ Adam P. Feinberg
Adam P. Feinberg, D.C. Bar No. 447668
Robert J. Kovacev, D.C. Bar No. 475257
Andrew L. Howlett, D.C. Bar No. 1010208
MILLER & CHEVALIER CHARTERED
900 Sixteenth Street NW
Washington, D.C. 20006
Tel. (202) 626-5800
Fax. (202) 626-5801
Email:  afeinberg@milchev.com
Email:  rkovacev@milchev.com
Email:  ahowlett@milchev.com

*Attorneys for Plaintiff Valero Marketing and Supply Company*